IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WARDELL LEROY GILES,

    Plaintiff,

v. : Civ. No. 16-1038-RGA

CORPORAL CLARK, et al.,

    Defendants.

## MEMORANDUM ORDER

At Wilmington, this 6 day of October 2017, having considered Plaintiff's request for counsel (D.I. 30) and motion for emergency injunctive relief and protection (D.I. 32);

IT IS ORDERED that Plaintiff's: (1) request for counsel is **denied** without prejudice to renew (D.I. 30); and (2) motion for emergency injunctive relief and protection is **dismissed** without prejudice (D.I. 32), for the following reasons:

**Introduction.** Plaintiff Wardell Leroy Giles, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 10).

**Request for Counsel.** Plaintiff seeks counsel to assist him with discovery and to better articulate his claims. (D.I. 30). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date and this case is in its early stages. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

**Motion for Injunctive Relief**. Plaintiff seeks injunctive relief. (D.I. 32). He states that non-parties Sgt. Aspinall, Officer Pfleegor and others have retaliated against him and he is being treated cruelly and inhumanely. Plaintiff explains that this occurred when he was moved from the infirmary dorm to an isolation cell designed for inmates with contagious and airborne diseases that is sometimes used for disciplinary action. Plaintiff alleges that he was transferred as a result of litigation he has filed against the foregoing non-parties' co-workers and friends.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff seeks injunctive relief against individuals who are not parties to this action and who are not mentioned as participating in the events described in Plaintiff's Complaint. Should Plaintiff wish to seek relief against Aspinall, Pfleegor, and others, his remedy is to commence a separate lawsuit against them. Accordingly, the Court will dismiss without prejudice the motion for injunctive relief.

*[signature]*
UNITED STATES DISTRICT JUDGE

3